FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 13 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01615-BNB

JOSEPH HOLT,

    Plaintiff,

v.

KATHY McBRIDE (Individual & Official Capacity), Provider,
JOSEPH WERMERS (Individual & Official Capacity), Provider, and
CLINICAL SERVICES, Dept. of Corrections, Colorado, Corp-Office,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Joseph Holt, is a Colorado Department of Corrections (DOC) prisoner, who is incarcerated at the Colorado Territorial Correctional Facility (C.T.C.F.) in Canón City, Colorado. He has filed *pro se* a Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Mr. Holt has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and has demonstrated an inability to pay the initial partial filing fee.

The Court will construe the Complaint liberally because Mr. Holt is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. Mr. Holt therefore will be directed to file an amended complaint for the reasons discussed below.

Mr. Holt alleges that he suffers from an HIV infection and related complications and has been prescribed medications for this condition since 2005. The medications induce drowsiness and sometimes cause him to pass out. In 2005, the C.T.C.F. medical provider gave him a lower bunk medical restriction for his safety. Mr. Holt was transferred to a facility in Pueblo, Colorado, for approximately two years and his lower bunk restriction was continued until 2009, when it was removed by Defendant Wermers, the medical provider at the facility. Plaintiff was transferred back to C.T.C.F. in January 2010 and prescribed twice as many medications for his medical condition, but Defendant McBride, the medical provider at C.T.C.F. followed Defendant's Wermers' order and refused to provide Plaintiff with a lower bunk medical restriction. In March 2010, Mr. Holt passed out while sitting on the top bunk in his cell and sustained severe lacerations to his forehead and fingers. He suffers from permanent scarring and numbness to his forehead. Mr. Holt requests injunctive and monetary relief.

Mr. Holt's claim against the DOC Clinical Services Department is barred by the Eleventh Amendment. Eleventh Amendment immunity extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought. *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007). The DOC is an agency of Colorado that is entitled to Eleventh Amendment immunity. See *Griess v. Colorado*, 841 F.2d 1042, 1044–45 (10th Cir.1988). Congress did not abrogate Eleventh Amendment immunity through Section 1983. See *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Mr. Holt's amended complaint should not include a claim against the DOC.

Mr. Holt filed a letter with the Court on September 2, 2011 (Doc. No. 9), asserting that unidentified prison officials are denying him proper pain medication for his medical condition and are denying him access to medical care. Mr. Holt may amend his Complaint to include these allegations and add the appropriate Defendants. Mr. Holt is advised that personal participation by the defendants is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Plaintiff therefore must show that each named Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993) (liability under § 1983 requires an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise). To state a claim in federal court, Mr. Holt "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Plaintiff, Joseph Holt, file **within thirty (30) days from the date of this order,** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that Mr. Holt shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Holt fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the Court will dismiss his claims against the DOC Clinical Services for the reasons discussed in this Order.

DATED at Denver, Colorado, this 13th day of September, 2011.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01615-BNB

Joseph Holt
Prisoner No. 53996
Colorado Territorial Correctional Facility
PO Box 1010
Cañon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 13, 2011.

                                GREGORY C. LANGHAM, CLERK

                             By: _____
                                      Deputy Clerk