IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01615-BNB

JOSEPH HOLT,

Plaintiff,

v.

KATHY McBRIDE (Individual & Official Capacity), Provider,
JOSEPH WERMERS (Individual & Official Capacity), Provider, and
CLINICAL SERVICES, Dept. of Corrections, Colorado, Corp-Office,

Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 0 2011

GREGORY C. LANGHAM
                    CLERK

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff, Joseph Holt, is a Colorado Department of Corrections (DOC) prisoner, who is incarcerated at the Colorado Territorial Correctional Facility (C.T.C.F.) in Canón City, Colorado. He has filed *pro se* a Complaint asserting a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. Mr. Holt has been granted leave to proceed ***in forma pauperis*** pursuant to 28 U.S.C. § 1915.

On September 13, 2011, Magistrate Judge Boyd N. Boland determined that the prisoner complaint was deficient because Mr. Holt was suing an improper party. Magistrate Boland also noted that Mr. Holt had filed a letter with the Court indicating that he wanted to include additional allegations and parties in his pleading. Accordingly, Magistrate Judge Boland directed Mr. Holt to file an amended prisoner complaint within thirty days. Mr. Holt did not submit an amended complaint by the court-ordered deadline. The Court therefore reviews the sufficiency of Plaintiff's original pleading.

The Court must construe the original Complaint liberally because Mr. Holt is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the Complaint because Mr. Holt is a prisoner and the Defendants are officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In the Complaint, Mr. Holt alleges that he suffers from an HIV infection and related complications. The medications he is prescribed induce drowsiness and sometimes cause him to pass out. In 2005, the C.T.C.F. medical provider gave him a lower bunk medical restriction for his safety. Mr. Holt was transferred to a facility in Pueblo, Colorado, for approximately two years and his lower bunk restriction was continued until 2009, when it was removed by Defendant Wermers, the medical provider at the facility. Plaintiff was transferred back to C.T.C.F. in January 2010 and

prescribed twice as many medications for his medical condition, but Defendant McBride, the medical provider at C.T.C.F., followed Defendant Wermers' order and refused to provide Plaintiff with a lower bunk medical restriction. In March 2010, Mr. Holt passed out while sitting on the top bunk in his cell and sustained severe lacerations to his forehead and fingers. He suffers from permanent scarring and numbness to his forehead. Mr. Holt asserts that Defendants subjected him to cruel and unusual punishment and requests injunctive and monetary relief.

Mr. Holt's § 1983 claim against DOC Clinical Services is barred by the Eleventh Amendment. Eleventh Amendment immunity extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought. **Steadfast Ins. Co. v. Agricultural Ins. Co.**, 507 F.3d 1250, 1252–53 (10th Cir. 2007). The DOC is an agency of Colorado that is entitled to Eleventh Amendment immunity. See **Griess v. Colorado**, 841 F.2d 1042, 1044–45 (10th Cir.1988). Congress did not abrogate Eleventh Amendment immunity through Section 1983. **See Quern v. Jordan**, 440 U.S. 332, 345 (1979). Accordingly, Defendant DOC Clinical Services is an improper party to this action and will be dismissed.

On completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Holt's Eighth Amendment claim does not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. **See** D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Defendant DOC Clinical Services is dismissed as a party to this action because Plaintiff's claim is barred by Eleventh Amendment immunity. It is

3

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  20th  day of     October    , 2011.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01615-BNB

Joseph Holt
Prisoner No. 53996
Colorado Territorial Correctional Facility
PO Box 1010
Cañon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on October 20, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk