IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01615-PAB-MEH

JOSEPH HOLT,

    Plaintiff,

v.

J. SHOEMAKER,
DR. FRANZE,
DR. FISHdePENA,
JOICE CHRUNK,
DR. JOSEPH WERMERS,
DR. KATHY MCBRIDE,
SRG. BUENA VIDA, and
OFFICER DEGROOT,

    Defendants.

## ORDER GRANTING STAY OF DISCOVERY

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court is Defendants' Motion to Stay Discovery and Vacate January 6, 2012 Scheduling Conference [filed December 19, 2011; docket #26]. The motion is referred to this Court for disposition. (Dockets #27.) Oral argument would not materially assist the Court in its adjudication. Based on a clear right to relief as established by the Supreme Court and described herein, the Court decides the Motion without reviewing a response from Plaintiff. For the reasons set forth below, the Court **GRANTS** Defendants' motion.

**I.**    **Background**

    Plaintiff is a state prisoner currently incarcerated at the Colorado Territorial Correctional Facility ("CTFC"). He brings this action pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983

alleging that Defendants violated his rights under the Eighth Amendment. (Docket #1.) At the direction of the Court, Plaintiff filed an amended complaint on October 20, 2012 naming as Defendants Dr. J. Shoemaker, Dr. Franze, Dr. FishdePena, Joice Chrunk, Dr. Joseph Wermers, Dr. Kathy McBride, Srg. Buena Vida, and Officer Degroot. Two of the Defendants, Dr. Wermer and Dr. Kathy McBride, are not currently employed by the Colorado Department of Corrections ("CDOC"). (*See* dockets ##11, 13.) The remaining Defendants, Dr. Shoemaker, Dr. FishdePena, Joice Chrunk, Srg. Buena Vida, and Officer DeGroot (collectively "the CDOC Defendants"), filed a motion to dismiss Plaintiff's amended complaint on December 19, 2011. (Docket #24.) They assert, among other defenses, that they are entitled to qualified immunity. Concurrently with their motion to dismiss, the CDOC Defendants also filed the present Motion to Stay Discovery and Vacate January 6, 2012 Scheduling Conference.

**II.     Discussion**

The Supreme Court established that evaluating the defense of qualified immunity is a threshold issue, and "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Siegert v. Gilley*, 500 U.S. 226, 233 (1991) (citing *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)); *Workman v. Jordan,* 958 F.2d 332, 336 (10th Cir. 1992) (same). However, the defense of qualified immunity "is not a bar to all discovery." *Rome v. Romero*, 225 F.R.D. 640, 643 (D. Colo. 2004). There are certain circumstances when discovery is permissible despite an assertion of qualified immunity, including cases alleging official-capacity claims, requests for injunctive (as opposed to monetary) relief, and claims against entities, not individuals. *See Rome*, 225 F.R.D. at 643. Additionally, permitting discovery up until the point that qualified immunity is raised may be appropriate, particularly when the defense is not advanced until the filing of a motion for summary judgment. *Id*. at 643-44.

The CDOC Defendants raise qualified immunity as a defense in their pending motion to dismiss.  Although Plaintiff does not specify the capacity in which he sues Defendants, the Court construes his amended complaint liberally to account for both individual and official capacity claims.  Plaintiff's requests for relief are varied; he seeks both money damages and an injunction "ordering Defendants to provide any and all proper medical care."  (Docket #13 at 6.)  Such relief is both subjective and superfluous, as Plaintiff is already entitled to reasonable medical care under the Eighth Amendment.  Thus, the Court considers Plaintiff's primary request for relief to be compensatory in nature.  Additionally, the case is still in the early stages of litigation; no scheduling conference has been held, and the CDOC Defendants responded to Plaintiff's amended complaint with the pending motion to dismiss that could fully dispose of Plaintiff's claims before engaging in the discovery process.

The Court has broad discretion to stay proceedings as incidental to its power to control its own docket.  *See Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  Legal questions regarding the court's subject matter jurisdiction should be resolved as early as possible in the litigation, before incurring the burdens of discovery.  *See Behrens v. Pelletier,* 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending);  *Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question)*; Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("the Supreme Court has repeatedly 'stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'" (citation omitted)).  In light of the governing case law as stated herein, the Court concludes that a temporary stay of discovery as to the CDOC Defendants is appropriate in this matter, pending resolution of the motion to dismiss.

**III.     Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Stay Discovery and Vacate January 6, 2012 Scheduling Conference [filed December 19, 2011; docket #26] is **granted**.  Discovery as to the CDOC Defendants is temporarily stayed pending resolution of the motions to dismiss.  The parties shall file a status report within *three business days* of receiving a ruling on the motion to dismiss, indicating what scheduling, if any, is needed.  The Scheduling Conference set for January 6, 2012 is hereby **vacated**.

Entered and dated at Denver, Colorado, this 29th day of December, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge