IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01615-PAB-MEH

JOSEPH HOLT,

    Plaintiff,

v.

JOICE CHRUNK,
DR. JOSEPH WERMERS, and
DR. KATHY MCBRIDE,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is a letter from Plaintiff [filed January 3, 2012; docket #31] which the Court construes as a Notice of Dismissal and a Motion to Appoint Counsel. Defendants Shoemaker, Franze, FishDePena, Chrunk, Buena Vida, and Degroot (the "CDOC Defendants") filed a collective response per order of the Court.[1] (*See* dockets ##33, 34.) The motion has been referred to this Court for disposition [docket #31], and oral argument would not materially assist the Court in its adjudication. The Court accepts Plaintiff's Notice as stated herein, and **denies** Plaintiff's Motion to Appoint Counsel.

Plaintiff's letter appears to request two forms of relief: 1) dismissal of the following Defendants: Dr. J. Shoemaker, Dr. Franze, Dr. FishdePena, Srg. Buena Vida, and Officer Degroot; and 2) court-appointed legal counsel. The Court will address each request in turn.

---

[1] Defendants McBride and Wermers have not yet been served. (*See* docket #16.)

1

**I.     Dismissal of Defendants**

In his letter, Plaintiff states that he no longer wishes to sue Dr. Shoemaker, Dr. Franze, Dr. Fish, Sgt. Benavidez, or Diane Degroot.[2] (Docket #31 at 2.) Plaintiff maintains that Dr. McBride, Dr. Wermers, and Joice Crounk (Chrunk) are properly named and should remain in the lawsuit. (*Id.*) In the letter's post-script, Plaintiff also mentions dropping Dr. Tiona from the lawsuit; however, Dr. Tiona was not named in Plaintiff's amended complaint and, therefore, does not need to be dropped. (*Id.* at 2.)

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), a "plaintiff may dismiss any action without a court order by filing...a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Because Defendants have not yet served an answer or filed a motion for summary judgment, Plaintiff may, consistent with the Federal Rules, dismiss the identified parties and any claims he has against them without a court order and without prejudice. Fed. R. Civ. P. 41(a)(1)(B). Therefore, Plaintiff's letter is construed as a notice pursuant to Rule 41(a)(1).

Although this case is not yet at the summary judgment phase, the CDOC Defendants have filed a motion to dismiss. As previously noted, the Court ordered a response from the CDOC Defendants regarding what effect, if any, Plaintiff's present notice would have on its underlying motion to dismiss. The CDOC Defendants assert that Plaintiff's notice reduces the scope of the litigation but does not fully resolve the issues raised in Defendants' motion to dismiss. After reviewing Defendants' response and motion to dismiss in conjunction with the present notice, the Court concludes that it is possible to adjudicate Defendants' motion to dismiss without requiring an

---

[2] There has been some controversy regarding the proper spelling of Defendants' names. (*See* dockets ## 25, 29.) Because "Dr. Fish" and "Sgt. Benavidez" are not defendants in this lawsuit, the Court construes Plaintiff's request to pertain to Dr. FishDePena and Srg. Buena Vida, the individuals named in Plaintiff's amended complaint. (Docket #13.)

amended complaint or a new motion. The Court will simply limit its analysis of the motion to dismiss to the remaining CDOC Defendant, Joice Chrunk. Pursuant to Rule 41(a)(1)(A)(i), all of Plaintiff's claims against J. Shoemaker, Dr. Franze, Dr. FishDePena, Srg. Buena Vida, and Officer Degroot are hereby dismissed without prejudice.

## II.     Appointment of Counsel

In addition to dismissing certain defendants, Plaintiff also seeks the appointment of counsel because he is allegedly mentally ill and suffers from paranoid schizophrenia. (*Id.*) Notably, this is Plaintiff's second motion requesting an attorney. (*See* docket #17.) The Court denied Plaintiff's first motion after finding that Plaintiff had not shown special circumstances warranting the appointment of volunteer counsel. (Docket #23.)

As the Court noted in its first order on the subject, the Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the plaintiff's ability to present his claims, and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). A further consideration is whether there exists any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications. *See Rucks*, 57 F.3d at 979.

Although Plaintiff's first motion for appointment of counsel did not allege that Plaintiff suffered from mental illness, the Court's conclusion regarding the necessity of counsel remains the same. Plaintiff's alleged psychological condition does not change the relative simplicity of issues presented, nor does it affect Plaintiff's demonstrated ability to apply law to facts. Thus, for the same

reasons set forth in the Court's first order denying the appointment of volunteer counsel, Plaintiff's second motion seeking counsel is also denied.  (*See* docket #23.)

### III.    Conclusion

Accordingly, based on the foregoing and the entire record herein, the Court hereby **denies** Plaintiff's Motion to Appoint Counsel [filed January 3, 2012; docket #31] as described above. Pursuant to the Notice of Dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i), the Plaintiff's claims against J. Shoemaker, Dr. Franze, Dr. FishDePena, Srg. Buena Vida, and Officer Degroot are dismissed without prejudice.

Dated and entered at Denver, Colorado, this 17th day of January, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge