IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01615-PAB-MEH

JOSEPH HOLT,

      Plaintiff,

v.

JOICE CHRUNK,
DR. JOSEPH WERMERS,
DR. KATHY MCBRIDE,

      Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Before the Court is the CDOC Defendants' Motion to Dismiss [filed December 19, 2011; docket #24] filed by Defendants J. Shoemaker, Dr. Franze, Dr. FishdePena, Joice Chrunk, Sgt. Buena Vida, and Officer DeGroot (collectively the"CDOC Defendants).[1]  In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the matter is referred to this Court for recommendation [docket #27].  Plaintiff filed a letter on January 27, 2012 [docket #38], which the Court construed liberally as a response to the Motion to Dismiss.  (*See* docket #40.)  Defendant Chrunk did not file a reply.  Based on the record contained herein, the Court RECOMMENDS that the CDOC Defendants' Motion to Dismiss be **granted**.[2]

---

[1]As described below, Defendant Chrunk is the only remaining Defendant for which the CDOC Defendants' Motion to Dismiss was filed.

[2]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  Fed. R. Civ. P. 72(b).  The party filing objections must specifically identify those findings or recommendations to which the objections are being made.  The District Court need not consider frivolous, conclusive or general objections.  A party's failure to file such

## BACKGROUND

I.   Procedural History

On June 20, 2011, Plaintiff, proceeding *pro se*, initiated this action by filing a Complaint

pursuant to 42 U.S.C. § 1983.  (Docket #1.)  On October 20, 2011, Judge Babcock ordered Plaintiff

to file an amended complaint, which Plaintiff filed that same day.  (Dockets ##12, 13.)  Plaintiff's

Amended Complaint asserts two claims under the Eighth Amendment against  J. Shoemaker, Dr.

Franze, Dr. FishdePena, Joice Chrunk, Dr. Joseph Wermers,  Dr. Kathy McBride, Srg. Buena Vida,

and  Officer DeGroot.  (Docket #13.)  In essence, Plaintiff argues that Defendants violated his

Eighth Amendment rights by removing his lower bunk restriction at a time when Plaintiff was under

the influence of sedative medications.  (*Id.* at 2)  As relief, Plaintiff seeks compensatory and punitive

damages,  preliminary and  permanent injunctions  ordering  Defendants to  provide  Plaintiff with

proper medical care,  and a declaration from the Court that Defendants violated Plaintiff's rights.

(*Id* at 5-9.)

The CDOC Defendants filed a Motion to Dismiss on December 19, 2011, arguing that

Plaintiff's Complaint should be dismissed.[3]  (Docket #24.)  On January 3, 2012, Plaintiff filed a

---

written objections to proposed findings and recommendations contained in this report may bar
the party from a de novo determination by the District Judge of the proposed findings and
recommendations.  *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. §
636(b)(1).  Additionally, the failure to file written objections to the proposed findings and
recommendations within fourteen (14) days after being served with a copy may bar the
aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or
adopted by the District Court.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United
States*, 950 F.2d 656, 659 (10th Cir. 1991).

[3]Although the CDOC Defendants move to dismiss Plaintiff's Complaint, they correctly
cite docket #13, the Amended Complaint, as the operative pleading.  In adjudicating Defendants'
motion, the Court will refer to the Amended Complaint.

letter asking the Court to dismiss Defendants Shoemaker, Franze, FishdePena, Buena Vida, and DeGroot from this case.  (Docket #31.)  The Court construed the letter as a Notice of Dismissal pursuant to Rule 41(a)(1)(A) and dismissed Plaintiff's claims against the identified Defendants without prejudice.  (Docket #36.)  The only remaining Defendant for which the present motion was filed is Joice Chrunk.  Based upon a review of the Notice and the CDOC Defendants' response thereto, this Court determined it would be possible to adjudicate the Motion to Dismiss without requiring an amended complaint or a new motion.  (*Id.*)

In light of the Court's decision to proceed with the Motion to Dismiss, Plaintiff's response remained due on January 9, 2012.  (*See* docket #28.)  Because Plaintiff failed to file a timely response, the Court issued an Order to Show Cause directing Plaintiff to explain his failure to prosecute in writing by February 28, 2012.  (Docket #37.)  On January 27, 2012, Plaintiff filed a letter with the Court describing the merits of his case.  (Docket #38.)  After the deadline for the Order to Show Cause had passed, the Court liberally construed the letter as a response to both the Motion to Dismiss and the Order to Show Cause.  (Docket #40.)  In the same Order, the Court granted Defendant Chrunk leave to file a reply on or before February 23, 2012.  (*Id.*)  She elected not to do so.

II.   Facts

Plaintiff is a state prisoner incarcerated at Colorado Territorial Correctional Facility ("CTCF") in Canon City, Colorado.  (Docket #13.)  Plaintiff alleges that since 2005, he has been prescribed medications for the treatment of an HIV infection and related complications.  (*Id*. at 2.)  Plaintiff claims that his medications induce drowsiness, and sometimes cause him to lose consciousness.  (*Id*.)  Consistent with these symptoms, Dr. Ritcher placed Plaintiff on a lower bunk

restriction. (*Id.*) On October 30, 2006, Provider Christine B. Miller prescribed Plaintiff additional medications and continued his lower bunk restriction. (*Id.*) In October 2007, Plaintiff was transferred from CTCF in Canon City to San Carlos in Pueblo, Colorado for two and a half years. While there, Defendant Wermers allegedly removed Plaintiff's lower bunk restriction on November 24, 2009. (*Id.*) In the absence of this restriction, Plaintiff was assigned a top bunk upon his return to CTCF on January 20, 2010. (*Id.*) Several months later, on March 16, 2010, Plaintiff allegedly fell from his top bunk and sustained injuries to the side of his forehead. (*Id.* at 4.) Specifically, Plaintiff suffered a cut that measured approximately three fingers wide and a half inch deep. (*Id.*) According to Plaintiff's response, Plaintiff continues to fall out of his top bunk. (Docket #38.) As a result of these falls, Plaintiff alleges the entire left side of his face is numb, he has broken every bone surrounding his left-eye, and he has dislocated his left "pinky" finger. (*Id.*)

## LEGAL STANDARD

### I.  Dismissal Under Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 652, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* *Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 1949-51. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

4

If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 1950.

## II.      Dismissal of a Pro Se Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).  The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*.  A *sua sponte* dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

## ANALYSIS

As noted above, the Court limits it analysis of the CDOC's Motion to Dismiss to the claims against Defendant Chrunk.  Although Plaintiff's Amended Complaint asserts two causes of action, Defendant Chrunk is named only in the second.  Plaintiff's second claim alleges that Defendant Chrunk knew of and disregarded an excessive risk to Plaintiff's health and safety by "over

medicating [him] and not giveing (sic) proper attention to his needs." (Docket #13 at 5.)  According to Plaintiff, this conduct amounts to deliberate indifference in violation of the Eighth Amendment. The only defense asserted on behalf of Defendant Chrunk is qualified immunity.

Qualified immunity protects from litigation a public official whose possible violation of a plaintiff's civil rights was not clearly a violation at the time of the official's actions.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  It is an entitlement not to stand trial or face the other burdens of litigation.  *Ahmad v. Furlong*, 435 F.3d 1196, 1198 (10th Cir. 2006) (internal quotations and citations omitted).  When a defendant pleads qualified immunity as a defense, the burden shifts to the plaintiff to overcome the asserted immunity.  *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009).  Once the defense of qualified immunity is asserted, the plaintiff must demonstrate both that the defendant violated his constitutional rights, and that the right was clearly established at the time of the alleged unlawful activity.  *Id.* (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)). In determining whether Plaintiff has met his burden of establishing that his constitutional rights were both clearly established and violated by Defendant Chrunk, the Court construes the facts in the light most favorable to Plaintiff, who is the non-moving party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).

The Supreme Court has discarded a review process that required courts to examine the elements of qualified immunity sequentially, first considering whether a right had been violated, and then second - if the court concluded a right had been violated - whether that right was clearly established at the time of the alleged violation.  *Pearson,* 555 U.S. at 233-36.  *Pearson* retired this process, instead affording courts the discretion to decide "which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Id.* at 236; *see also Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir.

6

2009).

In this case, the Court will examine first whether Plaintiff has demonstrated on supported facts that Defendant Chrunk violated his constitutional rights. If Plaintiff has established sufficient facts to plausibly support a constitutional violation, the Court will then proceed to determine whether the right was clearly established at the time of the alleged conduct.

Under the Eighth Amendment, prisoners are constitutionality entitled to "humane conditions of confinement guided by 'contemporary standards of decency." *Penrod v. Zavaras*, 94 F.3d 1399, 1405 (10th Cir. 1996) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Prisoners state a claim of cruel and unusual punishment under the Eighth Amendment by alleging prison officials demonstrated "deliberate indifference to a prisoner's serious illness or injury," or that prison officials "have, with deliberate indifference," involuntarily exposed a prisoner to conditions "that pose an unreasonable risk of serious damage to [the inmate's] future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993); *see also Estelle*, 429 U.S. at 105.

The test for deliberate indifference is both objective and subjective. *Marta v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005). To meet the objective component of the test, the alleged harm must rise to a level sufficiently serious to be cognizable under the cruel and unusual punishment clause of the Eighth Amendment. *Id*. at 752-53. To meet the subjective component, a plaintiff must demonstrate defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measure to abate it." *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006) (quoting *Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006)). The subjective component requires an "inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment." *Kikumura*, 461 F.3d at 1293 (quoting *Farmer v. Brennan*, 511 U.S. 825,

7

838, 114 S. Ct. 1970 (1994)).  Officials must both know of and disregard an excessive risk to inmate health or safety.  *Id.*

As a general rule, an individual cannot be liable under section 1983 unless he or she personally participated the alleged violation.  *See Iqbal*, 129 S. Ct. at 1948.  Supervisor status alone is not sufficient to create § 1983 liability.  *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008).  Rather, there must be "an affirmative link ... between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise."  *Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (quotation marks and brackets omitted).  A plaintiff may allege supervisory liability by "showing the defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance."  *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996).

Plaintiff's claim against Defendant Chrunk arises out of her position as a supervisor of the medical unit at CTCF.  (*See* docket #38.)  Specifically, Plaintiff alleges that Defendant Chrunk should be liable because she was responsible for his medical provider, Defendant McBride, "who did nothing to prevent [his] injury."  (Dockets ##13 and 38.)  Plaintiff also alleges that Defendant Chrunk had access to his medical records and, therefore, "clearly... knew of and disregarded an excessive risk to [his] health and safety."  (Docket #13 at 5.)

Defendant Chrunk's role as Defendant McBride's supervisor does not provide an independent basis for liability.  *See Duffield*, 545 F.3d at 1239.  Moreover, Defendant Chrunk's access to Plaintiff's medical records is also insufficient to support a cause of action. Assuming Defendant Chrunk did have access to Plaintiff's medical records,  Plaintiff does not provide any facts showing that Defendant Chrunk was subjectively aware of his lower bunk restriction or that

she believed the restriction was necessary.  In fact, Plaintiff fails to allege any facts concerning

Defendant Chrunk's personal or supervisory involvement in the decision to remove the lower bunk

restriction. Thus, Plaintiff has failed to state that Defendant Chrunk had actual knowledge of the

alleged constitutional violation and acquiesced in its continuance.  *See Jenkins*, 81 F.3d at 994.

Without such information, the Court cannot plausibly find that Defendant Chrunk demonstrated

"deliberate indifference to [Plaintiff's] serious illness or injury," or that she has, with deliberate

indifference, involuntarily exposed Plaintiff to conditions "that pose an unreasonable risk of serious

damage to [Plaintiff's] future health."  See *Helling*, 509 U.S. at 35; *see also Estelle*, 429 U.S. at 105.

At a minimum, Plaintiff has not alleged sufficient facts demonstrating that Defendant Chrunk

violated a clearly established constitutional right.

Because Plaintiff fails to allege sufficient facts in support of his Eighth Amendment claim

against Defendant Chrunk, the Court finds that Defendant Chrunk is entitled to qualified immunity

and recommends the District Court dismiss her from this action.

## CONCLUSION

Considering the CDOC Defendants' Motion to Dismiss as it pertains to Defendant Chrunk,

the Court RECOMMENDS that the District Court **grant** CDOC Defendants' Motion to Dismiss

[filed December 19, 2011; docket #24] and dismiss Plaintiff's claims against Defendant Chrunk

accordingly.

Respectfully submitted at Denver, Colorado, this 21st day of March, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge