IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01615-PAB-MEH

JOSEPH HOLT,

    Plaintiff,

v.

DR. JOSEPH WERMERS,
DR. KATHY MCBRIDE,

    Defendants.

_____

**ORDER**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 51] filed on May 21, 2012. The magistrate judge recommends that the Court grant the Motion to Dismiss [Docket No. 45] filed by defendant Dr. Joseph Wermers. On June 8, 2012, plaintiff Joseph Holt filed timely objections [Docket No. 53] to the Recommendation.[1] Therefore, the Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

The Recommendation concluded that plaintiff's amended complaint did not allege sufficient facts to establish that Dr. Wermers violated his Eighth Amendment rights. Docket No. 51 at 9-11. Specifically, the Recommendation determined that, although plaintiff's averments were sufficient to allege that the harm he suffered was

---

[1] The Recommendation contains a detailed statement of the case, with which no party has taken issue. In light of plaintiff's pro se status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

"sufficiently serious," *id*. at 7, plaintiff's allegations did not show that "Dr. Wermers knew Plaintiff faced a substantial risk of falling from the top bunk and disregarded that risk by removing the lower bunk restriction." *Id*. at 10 (citation omitted). In addition, the Recommendation found that, because plaintiff did not have a constitutional right to the bottom bunk restriction, he did not allege specific facts to show that Dr. Wermers participated in a conspiracy by acting in concert with others at the Colorado Territorial Correctional Facility ("CTFC"). *Id*. at 11.

In his objections, plaintiff argues that Dr. Wermers knew that the decision to remove the lower bunk restriction would "subject [plaintiff] to [a] substantial risk of harm." Docket No. 53 at 3. Plaintiff claims that Dr. Wermers, as his treating physician, was aware of plaintiff's erratic behavior and should have known that plaintiff was likely to fall from the top bunk resulting in serious injury. *Id*. In addition, plaintiff contends that he can establish a conspiracy based on the coordinated decisions taken by the CTFC Medical Services Committee. *Id*. at 2. Plaintiff asserts that, because Dr. Wermers likely voted with the committee members to remove the bottom bunk restriction, this sufficiently establishes the predicate for a conspiracy. *Id*.

As a threshold matter, the Court notes that it is unclear whether plaintiff bases his Eighth Amendment claim against Dr. Wermers on his medical treatment or on Dr. Wermers' failure to ensure plaintiff's safety from serious bodily harm. Regardless of the nature of plaintiff's claim, the Court finds that plaintiff's allegations are insufficient to raise an Eighth Amendment claim.

To state a cognizable Eighth Amendment claim for denial of medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A "deliberate indifference" claim involves both an objective and subjective component. *Sealock v. Colo.*, 218 F.3d 1205, 1209 (10th Cir. 2000). In this case, plaintiff must show both that he suffered a "sufficiently serious" harm (the objective element) and that defendant knew and disregarded "an excessive risk" to plaintiff's health (the subjective element). *See Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005); *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006).

A sufficiently serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Sealock*, 218 F.3d at 1209. Plaintiff claims that he was undergoing treatment for a Human Immunodeficiency Virus infection ("HIV") and Diopathic Progressive Polyneuropathy. Docket No. 13 at 2. He claims that, in order to treat these ailments, he was prescribed medications which induced sedation and heavy sleeping. *Id*. Based on these allegations, the Court finds that plaintiff has alleged sufficient facts to show a serious medical condition. *Sealock*, 218 F.3d at 1209.

An Eighth Amendment violation for denial of medical care arises where a defendant subjectively knows of an excessive risk to the plaintiff's health, but nevertheless disregards that risk. *Self v. Crum*, 439 F.3d 1227, 1230-31 (10th Cir. 2006). For a prison official to be found liable for deliberate indifference, "the official

must 'know[ ] of and disregard[ ] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must draw the inference." *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 809 (10th Cir. 1999). "[T]he subjective component is not satisfied, absent an extraordinary degree of neglect." *Self*, 439 F.3d at 1232. To raise a viable Eighth Amendment claim, plaintiff must show a "deliberate refusal to provide medical attention, as opposed to a particular course of treatment." *Fleming v. Uphoff*, 210 F.3d 389, 2000 WL 374295, at *2 (10th Cir. April 12, 2000) (citation omitted). It is not enough to show that a defendant provided ineffective or even negligent medical treatment. *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008).

In *Sealock*, the Tenth Circuit recognized three types of conduct which may constitute deliberate indifference in a prison medical case: (1) a medical professional failing to treat a serious medical condition; (2) a prison official preventing an inmate from receiving medical treatment; or (3) a prison official denying a prisoner access to medical personnel capable of evaluating the inmate's condition. 218 F.3d at 1211.

Plaintiff's allegations here do not fall within the ambit of any of the three aforementioned categories. As noted in the Recommendation, "Defendant Wermers' decision to remove Plaintiff's lower bunk restriction is [not] a medical judgment *per se*, as it has little to do with diagnosis or treatment of a particular medical condition." Docket No. 51 at 9. Plaintiff, however, claims that Dr. Wermers was deliberately indifferent to his serious medical needs because he removed the lower bunk restriction "without conducting an[ ] interview or consulting with the plaintiff to make sure [plaintiff]

had mentally and physically adapted to the various drugs he had been prescribed." Docket No. 53 at 1. Construed liberally, plaintiff appears to allege that Dr. Wermers did not consider the side-effects caused by plaintiff's medication when he removed plaintiff's lower bunk restriction. Instead, claims plaintiff, Dr. Wermers removed the lower bunk restriction based on the belief that plaintiff was not disabled pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").[2] Docket No. 13 at 2.

The Court finds that these allegations do not state sufficient facts to show that Dr. Wermers was deliberately indifferent to his serious medical condition. First, there is no allegation that Dr. Wermers refused to provide medical care. Second, because Dr. Wermers did not interview plaintiff, there is no evidence that Dr. Wermers was aware that plaintiff's medication resulted in serious side-effects. As noted in the Recommendation, Dr. Wermers removed the lower bunk restriction because he found that plaintiff showed no "mobility disability" and the lower bunk restrictions were "provided as temporary." Docket No. 51 at 2. To the extent plaintiff alleges that Dr.

---

[2]Plaintiff's objections contain inconsistent allegations. First, plaintiff claims that Dr. Wermers did not conduct an interview or consult with the plaintiff about the effect of the medication. Docket No. 53 at 1. However, plaintiff then claims that Dr. Wermers knew "plaintiff's record of instability and the numerous medicines proscribed for plaintiff's mental and physical condition." *Id*. at 3. To the extent plaintiff alleges that Dr. Wermers knew of his medical condition (i.e., the erratic behavior), yet removed the lower bunk restriction, the Court finds that Dr. Wermers' decision qualifies as a medical judgment and plaintiff's difference of opinion with Dr. Wermers does not rise to the level of a constitutional violation. *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997) (finding that a disagreement with a prison official's medical judgment does not constitute an Eighth Amendment violation); *Callahan*, 471 F.3d at 1160 (finding that, generally, "a prison doctor remains free to exercise his or her independent professional judgment and an inmate is not entitled to any particular course of treatment").

Wermers was negligent because he failed to determine the effects of plaintiff's medication, such allegation does not raise an Eighth Amendment claim. The Tenth Circuit has held that "negligent failure to provide adequate medical care, even one constituting medical malpractice, such allegation not give rise to a constitutional violation." *Self*, 439 F.3d at 1233; *Perkins*, 165 F.3d at 811. Thus, plaintiff's allegations of negligence are insufficient to raise an Eighth Amendment claim for deliberate indifference to medical care. *See Hoover v. Keating*, 59 F. App'x 288, 292 (10th Cir. 2003) (finding that prison officials did not demonstrate deliberate indifference to inmate's health, in violation of Eighth Amendment, even if inmate had health condition that required him to be placed in lower bunk, where officers were not aware of inmate's health condition until he brought it to their attention).

Second, construing plaintiff's pleadings liberally, he may also be asserting an Eighth Amendment claim against Dr. Wermers for the denial of humane conditions of confinement. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Under the Eighth Amendment, certain conditions of confinement, if they inflict pain unnecessarily and wantonly, may constitute cruel and unusual punishment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim premised upon deliberate indifference to inhumane conditions of confinement, plaintiff must show (1) he is incarcerated in conditions posing a substantial risk of serious harm to his health and safety, and (2) that Dr. Wermers imposed or continued these conditions with a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 832. In the prison context, a

sufficiently culpable state of mind "is one of deliberate indifference to inmate health and safety." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998).

The objective component of the test is met if the harm suffered is sufficiently serious or is an extreme deprivation. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). The Court finds that plaintiff has alleged sufficient facts to show that he faced a risk of serious bodily harm, namely, that the side-effects of his medication could result in him falling out of the top bunk of his jail cell. *Cf. Hron v. Jenkins*, 173 F.3d 863, 1999 WL 169394, at *2 (10th Cir. March 29 1999) (finding no Eighth Amendment violation because there was no evidence that defendants were aware of plaintiff's epilepsy until after he fell out of the top bunk).

The subjective component is met if a prison official knows of and disregards excessive risks to an inmate's health and safety. *See Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). To meet the subjective element of this inquiry, plaintiff must allege that Dr. Wermers knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate the harm. *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999). That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Craig*, 164 F.3d at 495. An official's failure to alleviate a significant risk of which he was unaware, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not an infliction of punishment and therefore not a constitutional violation. *Farmer*, 511 U.S. at 844. The official's knowledge of the risk need not be knowledge of a substantial risk to a

particular inmate or knowledge of the particular manner in which injury might occur. *Id.* at 843 (finding liability even though the prison official "did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault."). However, even if a prison official has knowledge of a substantial risk of serious harm to inmates, he is not deliberately indifferent to that risk unless he is aware of and fails to take reasonable steps to alleviate that risk. *See LaMarca v. Turner*, 995 F.2d 1526, 1536 (11th Cir. 1993).

The Court finds that plaintiff has failed to show that Dr. Wermers was deliberately indifferent to plaintiff's serious risk of bodily harm. In his objections, plaintiff states that Dr. Wermers removed the lower bunk restriction "without conducting an[ ] interview or consulting with the plaintiff to make sure he had mentally and physically adapted to the various drugs he had been prescribed in a positive manner." Docket No. 53 at 1. Moreover, in his amended complaint, plaintiff notes that Dr. Wermers removed plaintiff's lower bunk restriction because plaintiff was not disabled pursuant to the ADA. Docket No. 13 at 2. These allegations do not sufficiently establish that Dr. Wermers was aware of the side-effects from the medications. Instead, they show that Dr. Wermers did not review plaintiff's medical history and therefore removed the lower bunk restriction because plaintiff was not disabled pursuant to the ADA. In addition, plaintiff does not show that Dr. Wermers, being unaware of the side-effects, should have known that plaintiff faced a risk of falling from the top bunk unrelated to plaintiff's previous mobility issue. Because Dr. Wermers cannot be liable for a risk of which he is unaware, plaintiff fails to state a viable Eighth Amendment claim. *Tafoya*, 516 F.3d at 916 (a prison official's failure to alleviate a significant risk of which he was unaware, no matter

how obvious the risk or how gross his negligence in failing to perceive it, is not an infliction of punishment and therefore not a constitutional violation); *Lucero v. Hilkey*, No. 06-cv-01467-WDM-CBS, 2008 WL 552863, at *7 (D. Colo. Feb. 27, 2008) (finding that plaintiff failed to demonstrate that defendants knew that double-bunking would cause him to fall and evidence was insufficient to show defendants knew plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it).

With respect to the conspiracy claim, plaintiff's objections state only that the CTFC committee meets to discuss treatment decisions about the prisoners. Docket No. 53 at 2. Plaintiff, however, does not describe who participated in the decision to remove his lower bunk restriction, when such a meeting occurred, or what was discussed during this meeting. Without these facts, plaintiff's allegations are conclusory and insufficient to show "specific facts showing an agreement and concerted action" to violate plaintiff's constitutional rights. *Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim"). In addition, because the Court has found a lack of evidence showing a violation of plaintiff's rights, plaintiff cannot maintain a conspiracy claim against Dr. Wermers. *See Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990) ("the essence of a § 1983 [conspiracy] claim is the deprivation of the right rather than the conspiracy."). Accordingly, the Court agrees with the Recommendation's finding that plaintiff has not alleged specific facts showing an agreement and concerted action by the defendants. Docket No. 51 at 10.

Given that plaintiff does not allege sufficient facts to raise an Eighth Amendment claim, it is unnecessary for the Court to determine whether defendant is entitled to qualified immunity. *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1217 n. 15 (10th Cir. 2003) (upholding district court's ruling and finding that there was no need to reach the issue of qualified immunity because the defendants were objectively reasonable); *Schnebelen v. Porter*, 434 F. App'x 765, 766 (10th Cir. 2011) (same).

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs courts to "freely give leave [to amend] when justice so requires." *Id*. However, a court may deny leave to amend a complaint where the amendments would be futile. *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). Although plaintiff is proceeding pro se, he has had opportunities to cure the deficiencies in his complaint. The Court agrees with the Recommendation's conclusion that granting plaintiff leave to amend would be futile. Docket No. 51 at 11-12; *see also Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (noting that before dismissing a pro se complaint, courts should "explain the pleading's deficiencies so that a prisoner with a meritorious claim can then submit an adequate complaint"). Accordingly, plaintiff's Eighth Amendment claim against Dr. Wermers is dismissed for failure to state a claim upon which relief may be granted.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 51] is **ACCEPTED**. It is further

**ORDERED** that defendant Dr. Joseph Wermers' Motion to Dismiss [Docket No. 45] is **GRANTED**. It is further

**ORDERED** that defendant Dr. Joseph Wermers is dismissed from this case.

DATED January 29, 2013.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge